# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **2008 RIVER WALCK SALOON, et al.,** | : | **Civil No. 3:15-CV-2095** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Judge Mariani)** |
| | : | |
| **WILLIAM BEARD,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendant.** | : | |

## REPORT AND RECOMMENDATION

### I.  Statement of Facts and of the Case

We are now called upon to write the first draft of the final chapter in this litigation and recommend the proper scope of a liquidated damages order in this lawsuit, following the defendant's failure to respond to this complaint in a meaningful fashion, or otherwise litigate this case.

By way of brief background, this case commenced on October 29, 2015, with the filing of a complaint by the plaintiffs against William Beard.  (Doc. 1.)  That complaint recited that this case involved a dispute between the owner of a restaurant bar, the 2008 River Walck Saloon, and a former bar manager and employee, Williams Beard.  According to the complaint, Beard violated the Computer Fraud and Abuse Act, as well as the Stored Electronic Communications Act, by taking electronic equipment belonging to the plaintiffs and failing to return that equipment; by

unlawfully accessing the plaintiffs' confidential computer files at the time that Beard was discharged from his employment with the plaintiffs; and by using this purloined information to falsely disparage his former employer. In addition to these federal claims, the plaintiffs' complaint also brought pendent state tort claims of defamation, commercial disparagement, breach of fiduciary duties, and tortious interference with contractual relations against Beard.

For his part, Beard elected to proceed *pro se* in this action, representing himself. In November of 2016, the plaintiffs filed a motion for judgment on the pleadings. (Docs. 19 and 20.) Six months then passed without a response to this motion by the *pro se* defendant, William Beard. This failure to respond was part of a broader and encompassing pattern of neglect of this lawsuit by Beard, a pattern marked by repeated failures to address this case over the span of some 18 months. Indeed, Beard persisted in this non-responsive attitude even after being advised that one consequence of a failure to respond could be entry of an order granting this motion.

From the inception of this litigation, Beard has been non-complaint with his obligations as a litigant and has declined to participate in this lawsuit in any meaningful way. Thus, when he was served with a copy of the complaint Beard responded by filing a document styled as an answer which, in fact, did not answer the allegations set forth in the complaint. (Doc. 8.) Instead, this pleading consisted of a

blank form of an answer which was signed, but not completed, by Beard coupled with a letter which detailed a host of grievances between Beard and his former employer, and sought dismissal of this lawsuit. (Id.)

Beard then largely elected to ignore his responsibilities as a litigant in this case. Thus, Beard declined to participate in the preparation of a case management plan in this lawsuit. (Doc. 10.) Beard also declined to attend or participate in the case management conference held by the court. (Doc. 13.) In addition, Beard refused to accept orders, pleadings and correspondence through the mails. (Doc. 15.) Beard further refused to cooperate in the scheduling of a deposition in this case, compelling the plaintiffs to obtain a court order directing his attendance at this deposition. (Docs. 16-18.)

Given Beard's persistent refusal to respond to this lawsuit in a meaningful fashion, the plaintiffs filed their motion for judgment on the pleadings on November 1, 2016. (Docs. 19 and 20.) Months then passed without any response by Beard to this motion. In March of 2017, after nearly six months of complete inaction by Beard, this case was referred to the undersigned and we entered an order directing Beard to respond to the pending motion by April 5, 2017. (Doc. 21.) That order also informed Beard that Local Rule 7.6 of the Rules of this Court imposed an affirmative duty on the plaintiff to respond to motions and warned Beard in clear and precise terms that " 'Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the

complaint's sufficiency "if a party fails to comply with the [R]ule after a specific direction to comply from the court." Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (1991).' Williams v. Lebanon Farms Disposal, Inc.,No. 09-1704, 2010 WL 3703808, *1 (M.D. Pa. Aug.26, 2010). Therefore, a failure to comply with this direction may result in the motion being deemed unopposed and granted." (Id.)

Despite this warning from the court Beard did not respond to this motion. Accordingly, in the absence of any response by Beard, we deemed this motion to be ripe for resolution and recommended that the motion for judgment on the pleadings be granted and a schedule be set for liquidating any judgment in favor of the plaintiffs. (Doc. 22.) The district court adopted this recommendation on July 20, 2017, (Doc. 24.), and this case was referred back to us for proceedings aimed at liquidating the judgment in this case.

Towards that end we then entered an order instructing the plaintiffs to file a motion to liquidate this judgment. (Doc. 26.) In this order we also endeavored to provide Beard with notice of these proceedings, and an opportunity to be heard on this matter. (Id.) The plaintiffs have complied with our order by filing a motion to liquidate these damages. (Doc. 26.) Regrettably, Beard remains non-compliant with his obligations as a litigant and his whereabouts are unknown at this time. In fact, the order we issued to Beard providing him with notice and an opportunity to be heard on this matter has now been returned as undeliverable. Thus, Beard has utterly failed to

provided us with a means of communicating with him. As a *pro se* litigant Beard's

failure to maintain an address where he could be reached itself violated the rules of

this court; specifically, Local Rule 83.18, which provides that:

**LR 83.18 Appearance of Parties Not Represented by Counsel.**

Whenever a party by whom or on whose behalf an initial paper is offered
for filing is not represented in the action, such party shall maintain on file
with the clerk a current address at which all notices and copies of
pleadings, motions or papers in the action may be served upon such
party.

Under the Local Rules of this Court Beard's violation of Local Rule 83.18,

permits the court to find that he has abandoned this litigation and does not contest the

plaintiffs' motion to liquidate this judgment. See, e.g., Juaquee v. Pike County Corr.

Facility Employees, 3:12-CV-1233, 2013 WL 432611 (M.D. Pa. Feb. 1, 2013); Kuhn

v. Capitol Pavilion, 1:11-CV-2017, 2012 WL 5197551 (M.D. Pa. Oct. 19, 2012);

Educ. Mgmt. Services, Inc. v. Pennsylvania, 1:10-CV-00441, 2012 WL 2389874

(M.D. Pa. June 25, 2012); Olguin v. Burgerhoff, 1:12-CV-0003, 2012 WL 1580935

(M.D. Pa. May 4, 2012); Nowland v. Lucas, 1:10-CV-1863, 2012 WL 10559 (M.D.

Pa. Jan. 3, 2012); Binsack v. Lackawanna County Dist. Attorney's Office, 3:08-CV-

1166, 2011 WL 5840314 (M.D. Pa. Nov. 21, 2011); Washington v. Columbia County

Prison, 3:CV-10-45, 2011 WL 98547 (M.D. Pa. Jan. 12, 2011). It is against the

backdrop of these procedural defaults we now consider this motion to liquidate

damages. In the absence of any means by which we can communicate with Beard, we will deem this motion to be ripe for resolution.

## II.    Discussion

We have previously determined that the entry of judgment in favor of the plaintiffs is appropriate given Beard's persistent, repeated and on-going defaults in this litigation. However, "[w]hen a plaintiff prevails by default, he or she is not automatically entitled to the damages they originally demanded. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990). Rather, defaults are treated as admissions of the facts alleged, but a plaintiff may still be required to prove that he or she is entitled to the damages sought. Id.; DIRECTV Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir.2005)." Rainey v. Diamond State Port Corp., 354 F. App'x 722, 724 (3d Cir. 2009). In performing this task, "[t]he district court has considerable latitude in determining the amount of damages. Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir.1993). In determining the amount, the district court may conduct a hearing. Fed.R.Civ.P. 55(b)(2). The court is not required to do so, however, 'as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment.' Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir.1997). 'It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by

computation from facts of record, to fix the amount which the plaintiff is lawfully

entitled to recover and to give judgment accordingly.' Pope v. United States, 323 U.S.

1, 12, 65 S.Ct. 16, 89 L.Ed. 3 (1944). IBEW Local Union No. 102 v. Dane Const. Co.,

LLC, No. 08–907, 2009 WL 872018, at *2 (D.N.J. Mar. 30, 2009)." Malik v. Hannah,

661 F. Supp. 2d 485, 493 (D.N.J. 2009). As part of this process, "the defaulting party

is entitled to be heard on the amount of damages. 5 James Wm. Moore et al., Moore's

Federal Practice § 55.32[1][c], [f]." Tristrata Tech., Inc. v. Med. Skin Therapy

Research, Inc., 270 F.R.D. 161, 164-65 (D. Del. 2010).

Here we have provided Beard an opportunity to be heard on the amount of

damages, but Beard's failure to provide us with a means of communicating with him

frustrates our efforts on this score. Therefore, we will assess the plaintiff's right to

recover damages based upon the information which is presently before us. That

information consists of an affidavit submitted by the plaintiff, Michael Johnson. (Doc.

26.) In this affidavit, Johnson indicates that the plaintiffs suffered a loss of $2,114.85

due to the defendant's misappropriation of computer equipment and other electronic

devices. Mr. Johnson also attests to incurring costs and attorney's fees totaling

$9,007.66. (Id.)

Turning first to the plaintiffs' $2,114.85 damages claim for lost computer

equipment, recognizing that "defaults are treated as admissions of the facts alleged,

but a plaintiff may still be required to prove that he or she is entitled to the damages

sought," <u>Rainey v. Diamond State Port Corp.</u>, 354 F. App'x 722, 724 (3d Cir. 2009), we find Beard's default constitutes an admission to the averments in paragraph 20 of the plaintiffs' complaint that: "At the end of his employment, BEARD did take, without permission, authority or consent, the RIVERWALCK's property, including a laptop computer containing confidential and proprietary protected information and has failed and refused to return the same." (Doc. 1, ¶20.) Given these essentially undisputed facts, the plaintiffs are entitled to recover the value of this purloined property, which they have attested was $2,114.85, and a judgment should be entered in favor of the plaintiffs on this claim.

As for the plaintiffs' request for attorneys fees and costs totaling $9,007.66, the claims in this case included claims for violations of the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. §1030. The Act provides that: "Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." 18 U.S.C. § 1030 (g). Under CFAA, the term "loss" is defined broadly to include: "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030 (e)(11). Given this broad definition of "loss," courts

have held that "attorney's fees and investigation and enforcement costs . . . are compensable [under CFAA] as long as those costs were reasonably incurred responding to the offense." Facebook, Inc. v. Power Ventures, Inc., No. 08-CV-05780 LHK, 2017 WL 1650608, at *9 (N.D. Cal. May 2, 2017).

Here, Mr. Johnson has attested without contradiction that the plaintiffs incurred costs and attorneys fees of $9,007.66, over the past two years responding to this offense by Beard, a CFAA violation which is now deemed admitted due to Beard's repeated defaults. Therefore, this claimed category of loss is recoverable under CFAA as a matter of law, and the amount of the claimed costs and fees is reasonable given the two years of litigation spawned by Beard's obdurate refusal to fulfill his litigation responsibilities. Therefore, we recommend that the court also award these damages to the plaintiffs.

Thus, the total amount of the liquidated damages which we submit are properly recoverable here in light of Beard's default are as follows:

|  |  |
|---|---|
| $2,114.85 | Loss of Computer and Electronic Equipment |
| $9,007.66 | Attorneys Fees and Costs |
| $11,122.51 | Total |

## III.  Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion to liquidate default be GRANTED (Doc. 26.), and judgment be entered in favor of the plaintiffs in the amount of $11.122.51.

IT IS FURTHER RECOMMENDED that the defendant be provided with a copy of this Report and Recommendation, at the defendant's last known address, as reflected in the docket of this case.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 8th day of September, 2017.

S/MARTIN C. CARLSON
Martin C. Carlson
United States Magistrate Judge